**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1757**

NOE EVANGELISTO RUIZ REYES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General for the United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 2, 2020                    Decided: August 6, 2020

Before GREGORY, Chief Judge, HARRIS and RICHARDSON, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Buxton Reed Bailey, BUXTON R. BAILEY, P.C., Raleigh, North Carolina, for Petitioner.
Joseph H. Hunt, Assistant Attorney General, Derek C. Julius, Assistant Director, Karen L.
Melnick, Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noe Evangelisto Ruiz Reyes, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reopen. We have reviewed the administrative record and the Board's order and find no abuse of discretion.[*] *See* 8 C.F.R. § 1003.2(a), (c)(1) (2020). Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for review for the reasons stated by the Board. *See In re Ruiz Reyes* (B.I.A. June 26, 2019). We deny the Attorney General's motion for summary affirmance as moot and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Ruiz Reyes claims that the Board violated its case management plan because his motion to reopen was decided by a single Board member rather than the original three-member panel, depriving him of due process. This claim is unavailing because Ruiz Reyes fails to show any prejudice resulting from the alleged defect. *See Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008); *accord Rusu v. INS*, 296 F.3d 316, 320-22 (4th Cir. 2002). Moreover, the claim is not cognizable because denials of discretionary relief, including cancellation of removal, cannot give rise to a due process claim. *See Aparicio-Brito v. Lynch*, 824 F.3d 674, 684 (7th Cir. 2016) (cancellation of removal is "a form of discretionary relief in which there is no liberty interest at stake" (internal quotation marks omitted)); *see also Dekoladenu v. Gonzales*, 459 F.3d 500, 508 (4th Cir. 2006) (stating that "[n]o property or liberty interest can exist when the relief sought is discretionary"), *abrogated on other grounds by Dada v. Mukasey*, 554 U.S. 1 (2008); *Smith v. Ashcroft*, 295 F.3d 425, 429-30 (4th Cir. 2002) (holding that alien's lack of a "protected liberty or property interest" in the relief sought—there, a discretionary waiver of deportation—was "a circumstance fatal to his due process claim").

2